IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MORLOCK, L.L.C., a Texas          §
Limited Liability Company,        §
                                  §
                 Plaintiff,       §
                                  §
v.                                §        CIVIL ACTION NO. H-13-0734
                                  §
JPMORGAN CHASE BANK, N.A.,        §
                                  §
                 Defendant.       §

## MEMORANDUM OPINION AND ORDER

Defendant JPMorgan Chase Bank N.A. ("Chase") removed this
action from the 127th Judicial District Court of Harris County,
Texas, where it was filed under Cause No. 2013-12805.   Pending
before the court are plaintiff Morlock, L.L.C.'s ("Morlock") Motion
to Remand (Docket Entry No. 12), Chase's Rule 12(b)(6) Motion to
Dismiss ("Motion to Dismiss") (Docket Entry No. 13), and Morlock's
Motion for Leave to Amend Complaint (Docket Entry No. 15 at p. 8).
For the reasons explained below, Morlock's Motion to Remand and
Motion for Leave to Amend Complaint will be denied and Chase's
Motion to Dismiss will be granted.

## I.   Factual and Procedural Background

On February 1, 2008, Alejandro Mendoza and Iris N. Mendoza
executed and delivered a Deed of Trust on their property to secure

Capstone Mortgage, L.P. on a $144,200 promissory note.[1] Capstone Mortgage, L.P. assigned the Deed of Trust "together with the certain note(s) described therein" to Chase the same day.[2]

Morlock purchased the Mendoza's property, "a certain tract of land located in Harris County, Texas . . . which is known as 2819 Trinity Glen, Houston, Texas 77047" ("the Property"), at a trustee's sale conducted by the Brunswick Meadows Homeowners Association and received a Trustees Deed dated October 10, 2011.[3] Chase posted the Property for a substitute trustee's sale under the Deed of Trust scheduled for March 5, 2013.[4]

Morlock filed its Original Petition in the District Court of Harris County, Texas, 127th Judicial District, on March 4, 2013.[5] Morlock's Original Petition alleged that the Deed of Trust had been "executed and delivered . . . to secure Mortgage Electronic Registration Systems, Inc." and that it "was allegedly assigned to

---

[1] Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry No. 13, pp. 1-2, 15-16.

[2] Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

[3] Plaintiff's First Amended Complaint, Docket Entry No. 11, pp. 1-2 ¶¶ 3-4.

[4] Plaintiffs' Original Petition, and Application for Temporary Restraining Order ("Original Petition"), Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶ 7; Defendant's Answer to Original Petition and Application for Temporary Restraining Order ("Defendant's Answer"), Docket Entry No. 6, p. 2 ¶ 7.

[5] Original Petition, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1.

Defendant Chase[] by Mortgage Electronic Registration Systems ("MERS").["][6]  Morlock alleged that "[t]he Deed of Trust and assignment, although appearing valid on its face, is invalid and of no force or effect because, on information and belief, MERS was not the holder of the original note that was secured by the Deed of Trust."[7]  Accordingly, Morlock argued, "the assignment by MERS was not valid and Defendant Chase is not and was not the owner and holder of the Note and, therefore, has no right or authority to post the Property for a Trustee's Sale."[8]

Morlock sought "a judgment which determines whether Defendant Chase has any interest in the Property," attorneys' fees, and a "Temporary Restraining Order which would immediately enjoin and restrain Defendant Chase from taking any action to sell the Property or to disturb Morlock's possession of the Property, including taking any action to obtain or enforce a writ of possession."[9]  Morlock asserted that "unless enjoined, Defendant Chase will sell the Property and take possession of the Property" and that "[i]f the Property is sold, Morlock's title to the Property will be unnecessarily clouded."[10]  Morlock alleged that

---

[6] Id. at 2 ¶ 6.

[7] Id. ¶ 9.

[8] Id.

[9] Id. at 3 ¶¶ 11-15.

[10] Id. ¶ 14.

"[t]he Property is worth approximately $130,000" and that "[u]nless [Chase is] enjoined as requested, Morlock will suffer irreparable harm and injury."[11]   The State District Court issued a Temporary Restraining Order on March 4, 2013.[12]

On March 15, 2013, Chase removed this action to federal court on the basis of diversity jurisdiction.[13]  On April 25, 2013, Chase filed its Answer asserting that Morlock's Original Petition "fails to state claims upon which relief can be granted" and that Morlock's claims "are precluded and barred by the statute of frauds."[14]

On June 13, 2013, Chase filed its Motion to Dismiss on the Pleadings.[15]   Chase attached the Deed of Trust and Assignment of Deed of Trust to its motion.[16]   On June 14, 2013, a scheduling conference was held, and an order was entered requiring amended pleadings to be filed by July 19, 2013.[17]

---

[11]Id.  ¶¶ 14-15.

[12]Temporary Restraining Order, Exhibit A-4 to Defendant's Notice of Removal, Docket Entry No. 1.

[13]Defendant's Notice of Removal, Docket Entry No. 1.

[14]Defendant's Answer, Docket Entry No. 6, p. 3 ¶¶ 18-19.

[15]Chase's Motion to Dismiss on the Pleadings ("Chase's 12(c) Motion"), Docket Entry No. 8.

[16]Deed of Trust, Exhibit A to Chase's 12(c) Motion, Docket Entry No. 8; Assignment of Deed of Trust, Exhibit B to Chase's 12(c) Motion, Docket Entry No. 8.

[17]Docket Control Order, Docket Entry No. 10.

On July 19, 2013, Morlock filed its First Amended Complaint.[18] In it Morlock alleges that the Mendozas "executed and delivered a Deed of Trust to secure Capstone Mortgage, L.P., which created a lien on the Property" and that "[t]he Deed of Trust was allegedly assigned to Defendant Chase not by Capstone Mortgage, L.P., but by [MERS]."[19]   Morlock argues that "[t]he assignment, although appearing valid on its face, is invalid and of no force or effect because, on information and belief, the person who signed the assignment on behalf of MERS was not employed by MERS and that person had no authority to endorse the Note [or] to execute the assignment."[20]  Accordingly, Morlock argues that Chase "was not the owner and holder of the Note and Deed of Trust [and] therefore[] ha[d] no right or authority to post the Property for a Trustee's Sale."[21]

Morlock also asserts that it "has attempted to contact the person or the entity who is the owner of the Note and Deed of Trust to either pay the Note or at a minimum to enter into discussions regarding a pay off of the Note" and that Chase "has refused to provide any proof . . . that it is the owner of the Note and/or Deed of Trust or whether it is the proper party to be paid."[22]

---

[18]Plaintiff's First Amended Complaint, Docket Entry No. 11.

[19]Id. at 2 ¶ 5.

[20]Id. ¶ 6.

[21]Id.

[22]Id. ¶ 7.

Morlock asserts that it "is concerned that if it pays Chase, it could be subject to double exposure for the payment of the Note if Chase is not entitled to payout"[23] and "seeks a judgment which determines whether Defendant Chase is the owner and holder of the Note and/or Deed of Trust and whether Chase has any interest in the Property."[24]

On July 19, 2013, Morlock filed its Motion to Remand.[25] Morlock argues that this action should be remanded to state court because Morlock "has not plead[ed] an amount of damages and accordingly it is defendant's burden to establish an amount in excess of $75,000 as the amount in controversy."[26]  Morlock asserts that Chase "relies solely on the value of the Property" but that "[a]ccording to [Morlock]'s Complaint, ownership of the Property is not in dispute and therefore, the amount in controversy is not in excess of $75,000."[27]

On July 30, 2013, Chase filed its Motion to Dismiss.[28]  In reviewing the nature of the proceeding, Chase states that "Mortgagors Alejandro Mendoza and Iris N. Mendoza . . . executed a

---

[23]Id. at 3 ¶ 8.

[24]Id. ¶¶ 11-12.

[25]Motion to Remand, Docket Entry No. 12.

[26]Id. at 3 ¶ 5.

[27]Id. ¶ 6.

[28]Motion to Dismiss, Docket Entry No. 13.

Deed of Trust with lender Capstone Mortgage, and with [MERS] as the beneficiary under the Deed of Trust (solely as nominee for the lender)."[29]   Chase attached copies of the Deed of Trust and Assignment of Deed of Trust to its Motion.[30]

Chase alleges that Morlock's argument against the validity of the assignment "appears to stem from the theory that the 'bifurcation' of the note and Deed of Trust renders the Deed of Trust invalid" and that "[h]ere, the Deed of Trust expressly provides that MERS holds the Deed of Trust for the benefit of the original noteholder and its successors and assigns."[31] Chase argues that the "bifurcation theory" has been rejected by Texas courts and that Morlock has therefore failed to state a claim in its First Amended Petition.[32]   Chase also argues that because Morlock was not a party to the assignment it does not have standing to challenge the assignment, that Morlock has failed to state a plausible quiet-title claim, and that Morlock has failed to plead facts to support its action for declaratory judgment.[33]

---

[29]Id. at 2.

[30]Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry No. 13; Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

[31]Motion to Dismiss, Docket Entry No. 13, pp. 4 and 5.

[32]Id.

[33]Id. at 5-6.

On August 8, 2013, Chase filed its Response to Morlock's Motion to Remand.[34] Chase argues that because Morlock "seeks a determination [of] whether '[Chase] is the owner of the Note and/or Deed of Trust and whether [Chase] has an interest in the Property,'" the amount in controversy should be measured by the value of the Property.[35] Chase notes that Morlock had previously contended in its Original Petition that the property was worth approximately $130,000[36] and attached a printed report from the Harris County Appraisal District's website showing the appraised value of the property at $132,425.[37]

On August 20, 2013, Morlock filed its Response to Chase's Motion to Dismiss.[38] Morlock argues that it "only seeks to have a determination that Chase is the proper party which holds the lien" and that it "is concerned that if it pays Chase it may be exposed to double payment of the same debt."[39] Morlock acknowledges that "[a]t the time Morlock purchased the Property, it was subject to a

---

[34]Defendant's Response to Motion to Remand, Docket Entry No. 14.

[35]Id. at 2-3 ¶¶ 6-7.

[36]Id. at 3 ¶ 7.

[37]Harris County Appraisal District Real Property Account Information, Exhibit A to Defendant's Response to Motion to Remand, Docket Entry No. 14.

[38]Plaintiff's Response to Defendant's Rule 12 Motion, Docket Entry No. 15.

[39]Id. at 3 ¶ 10.

Deed of Trust lien, dated February 1, 2008, which secured a Note executed by Alejandro Mendoza and Iris Mendoza and payable to Capstone Mortgage, L.P." and asserts that "[t]he Deed of Trust was purportedly assigned to Chase by one or more assignments signed by [MERS]."[40]  Morlock argues that "[a]s the owner of the Property, [it] has the right to determine the validity of liens against its own property."[41]

Morlock also argues that its "action to determine the right[s] of the parties and to strike any interest [Chase] may have in the Property certainly states a cause of action to remove a cloud on title."[42]  Morlock asserts that it "is not attacking the existence of the lien.  It is only seeking a determination of whether Chase is the lien holder to whom payment is owed."[43]

Morlock's Response to Chase's Motion to Dismiss also contains a Motion for Leave to Amend Complaint.[44]  No copy of the proposed amended complaint was attached.

On September 6, 2013, Chase filed its Reply to Morlock's Response to its Motion to Dismiss.[45]  Chase argues in its reply that

---

[40]Id. ¶¶ 13-14.

[41]Id. at 6 ¶ 29.

[42]Id. at 8 ¶ 40.

[43]Id. at 6 ¶ 31.

[44]Id. at 8-9 ¶¶ 41-44.

[45]Defendant's Reply to Plaintiff's Response to Rule 12(b)(6) Motion, and Response to Motion for Leave to Amend Complaint, Docket Entry No. 16.

Morlock's "vague[] challenge[ to] the recorded Assignment" is not sufficient to state a claim because Morlock does not have standing to challenge the assignment under Texas law.[46]

## II. Morlock's Motion to Remand

In its Motion to Remand, Morlock asserts that it "has not plead[ed] an amount of damages and accordingly it is defendant's burden to establish an amount in excess of $75,000 as the amount in controversy."[47] Morlock also notes that "[i]n its Notice of Removal, [Chase] relies solely on the value of the Property," but that "[a]ccording to [Morlock's] Complaint, ownership of the Property is not in dispute and therefore, the amount in controversy is not in excess of $75,000."[48] It is unclear whether Morlock intends to reference its Original Petition or its First Amended Complaint. However, because "federal courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition," only Morlock's Original Petition is relevant to a determination of the propriety of removal. Kidd v. Southwest Airlines, Co., 891 F.2d 540, 546 (5th Cir. 1990); see also Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) ("[A] complaint amended post-removal cannot divest a

---

[46]Id. at 2.

[47]Motion to Remand, Docket Entry No. 12, p. 3 ¶ 5.

[48]Id. ¶ 6.

federal court of jurisdiction" (citing <u>Pullman Co. v. Jenkins</u>, 59 S. Ct. 347, 348-49 (1939))).

## A.  Applicable Law

"Under 28 U.S.C. § 1441(a) any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." <u>Gasch v. Hartford Accident & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007).  Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal.  <u>Pullman Co.</u>, 59 S. Ct. at 349; <u>Cavallini</u>, 44 F.3d at 264.  "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993).  The removing defendant has two ways to meet its burden.  <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 639 (5th Cir. 2003).  "First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" <u>Id.</u> (quoting <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995)).  However, "[i]f the value of the claims is not apparent,

then the defendants 'may support federal jurisdiction by setting forth the *facts* -- [either] in the removal petition [or] by affidavit -- that support a finding of the requisite amount." <u>Id.</u> (quoting <u>Allen</u>, 63 F.3d at 1335).   Once "[t]he defendant has established, by a preponderance, that federal jurisdiction is warranted[,] . . . '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 58 S. Ct. 586, 590 (1938)).

## B.   Analysis

In its Original Petition, Morlock seeks declaratory and injunctive relief.[49]   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." <u>Hunt v. Washington State Apple Adver. Comm'n</u>, 97 S. Ct. 2434, 2443 (1977). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).   Accordingly, whether the amount in controversy in this case exceeds $75,000 depends upon the "value of the right to be protected or the extent

---

[49]Original Petition, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1, pp. 3-4 ¶¶ 11-16.

of the injury to be prevented" by the relief requested in Morlock's Original Petition.  <u>Id.</u>

      1.  <u>The rights to be protected in this case are Morlock's rights as owner of the Property.</u>

It is facially apparent from Morlock's Original Petition that the rights to be protected in this case are Morlock's property rights as owner of the Property, particularly its right of exclusive possession.  Morlock asserts that it is the owner of the Property, having purchased it at "a Trustees Sale Conducted by the Brunswick Meadows Homeowners Association," and seeks "a Temporary Restraining Order which would immediately enjoin and restrain Defendant Chase from taking any action to sell the Property or to disturb Morlock's possession of the Property, including taking any action to obtain or enforce a writ of possession."[50]  Therefore, from Morlock's perspective, the rights to be protected are Morlock's rights as owner of the Property.  <u>See, e.g.</u>, <u>Martinez v. BAC Home Loans Servicing, LP</u>, 777 F. Supp. 2d 1039, 1049 (W.D. Tex. 2010) ("At least one of the bundle of property rights that [the plaintiff] is seeking to enforce or protect through this litigation is his right to peacefully possess and enjoy his home. . . . From [the plaintiff's] perspective, then, it is the whole title and its 'bundle of rights' at issue." (quoting <u>Mapp v. Deutsche Bank Nat. Trust Co.</u>, No. 3:08-CV-695-WKW, 2009 WL 3664118, at *3 (M.D. Ala.

---

[50]<u>Id.</u> at 1-3 ¶¶ 4-5, 11, 13.

Oct. 28, 2009))); see also Burr v. JPMorgan Chase Bank, N.A.,
No. 4:11-CV-03519, 2012 WL 1016121, at *2 (S.D. Tex. Mar. 23, 2012)
("The amount in controversy is measured from the perspective of the
plaintiff." (citing Garcia, 351 F.3d at 640 n.4)).

    Accordingly, whether the amount in controversy exceeds $75,000
will depend upon the value of Morlock's rights as owner of the
Property.   As owner of the Property, Morlock is entitled to
exclusive possession of the entire property.   See Mobil Pipe Line
Co. v. Smith, 860 S.W.2d 157, 159 (Tex. App.—El Paso 1993, writ
dism'd w.o.j.) ("An owner of land has title and is entitled to
possession of the premises.").   The Texas Supreme Court has
characterized "the right to exclude all others from use of the
property" as "one of the 'most essential sticks in the bundle of
rights that are commonly characterized as property.'" Severance v.
Patterson, 370 S.W.3d 705, 709 (Tex. 2012) (quoting Dolan v. City
of Tigard, 114 S. Ct. 2309, 2316, 2320 (1994)); see also Evanston
Ins. Co. v. Legacy of Life, Inc., 370 S.W.3d 377, 383 (Tex. 2012)
(identifying "the right to exclusive possession" as one of the
"core rights in the bundle of property rights").

    Morlock's ownership interest in the Property, including its
right of exclusive possession, is most accurately reflected by the
Property's fair market value, as that is the amount that Morlock
could expect to receive if it sold its ownership interest on the
open market.   See Martinez, 777 F. Supp. 2d at 1051 (holding that
when a "plaintiff seeks both a preliminary and permanent injunction

-14-

to prevent the defendant from foreclosing on his home . . . the fair market value of his home is the proper measure of the amount in controversy"); Mapp, 2009 WL 3664118, at *3 ("Ownership, title and possession, thus, are not only the objects of this lawsuit, but similarly represent the value of the rights sought to be protected by an injunction enjoining the foreclosure.   In monetary terms, these benefits, objects and rights are best measured by the value of the home itself." (internal citations omitted)); Black's Law Dictionary 1549 (7th ed. 1999) (defining "fair market value" as "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction; the point at which supply and demand intersect").   It is undisputed that the fair market value of the Property exceeds $75,000.[51]   Indeed, Morlock asserts in its Original Petition that "[t]he Property is worth approximately $130,000.00."[52]  Accordingly, "the value of the right to be protected" by Morlock's action for declaratory and injunctive relief, and thus the amount in controversy, exceeds $75,000 and removal was proper.   Leininger, 705 F.2d at 729.

---

[51]Id. at 3 ¶ 14; Harris County Appraisal District Real Property Account Information, Exhibit A to Defendant's Response to Motion to Remand, Docket Entry No. 14.

[52]Original Petition, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1, p. 3 ¶ 14.

    2.   <u>The injury to be prevented by Morlock's requested relief</u>
        <u>is the clouding and potential loss of its title to the</u>
        <u>Property.</u>

It is facially apparent from Morlock's Original Petition that
the injury to be prevented by Morlock's requested relief is the
clouding and potential loss of Morlock's title and the loss of its
right to possess the Property.  According to its Original Petition,
Morlock "fears that, unless enjoined, Defendant Chase will sell the
Property and take possession of the Property."[53]  Morlock also
asserts that "[i]f the Property is sold, Morlock's title to the
Property will be unnecessarily clouded" and that "if the Property
is sold, a third party may claim to be the owner of the Property,
thereby causing a further cloud to the title."[54]  Furthermore,
Morlock's Original Petition declares that "[u]nless [Chase is]
enjoined as requested, Morlock will suffer irreparable harm and
injury."[55]

"[T]he 'value of the extent of the injury to be prevented'
[is] the amount the plaintiffs stood to lose if their requests for
injunctions were denied."  <u>Govea v. JPMorgan Chase Bank, N.A.</u>,
No. H-10-3482, 2010 WL 5140064, at *3 (S.D. Tex. Dec. 10, 2010)
(quoting <u>Leininger</u>, 705 F.2d at 729).  Morlock's Original Petition
argues that had its request for an injunction been denied, Morlock

---

[53]<u>Id.</u>

[54]<u>Id.</u>

[55]<u>Id.</u> ¶ 15.

would have "suffer[ed] irreparable harm and injury" because "if the Property is sold, a third party may claim to be the owner of the Property, thereby causing a further cloud to the title."[56]  Because the scheduled Deed of Trust sale could have clouded Morlock's title or, potentially, divested Morlock of title completely, "a right to property [was] called into question in its entirety" and thus "the value of the property controls the amount in controversy."  Nationstar Mortg. LLC v. Knox, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting Waller v. Professional Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961)); see also Waller, 296 F.2d at 547 ("[C]ourts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunctions . . . and in suits to remove a cloud from the title of realty."  (internal citations omitted)).

Since it is facially apparent from Morlock's Original Petition that "[t]he Property is worth approximately $130,000.00,"[57] the extent of the injury to be prevented exceeds the jurisdictional amount and removal was proper.  Garcia, 351 F.3d at 639.  In other words, looking to the value of the right to be protected or the extent of the injury to be prevented it is clear that the "object of the litigation" is the Property itself, and thus the amount in controversy is measured by the value of the Property.  Hunt, 97

---

[56]Id. ¶¶ 14-15.

[57]Id. ¶ 14.

S. Ct. at 2443; <u>Leininger</u>, 705 F.2d at 729; <u>Govea</u>, 2010 WL 5140064, at *4.  Accordingly, Morlock's Motion to Remand will be denied.

### III.  **Chase's Motion to Dismiss**

Chase argues that to the extent that Morlock's claims "stem from the theory that the 'bifurcation' of the note and Deed of Trust renders the Deed of Trust invalid," it has failed to state a claim as a matter of law because "Texas Courts have routinely rejected this theory."[58]  Chase further argues that Morlock lacks standing to challenge the assignment of the Deed of Trust, has failed to advance a plausible quiet-title claim, and that Morlock's claim for declaratory judgment, apparently based loosely on a theory of wrongful foreclosure, fails as a matter of law.[59]

### A.  **Applicable Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom Cloud v. United States</u>, 122 S. Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them

---

[58]Motion to Dismiss, Docket Entry No. 13, p. 4.

[59]<u>Id.</u> at 5-6.

in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).   To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."   Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted).   "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.  Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988).  However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Chase has attached to its Motion to Dismiss copies of documents it contends are the Deed of Trust[60] and Assignment of Deed of Trust.[61]  Because

---

[60]Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry No. 13.

[61]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

these documents are referenced in Morlock's First Amended Complaint and central to Morlock's claims, the court concludes that they can be considered without converting the motion to dismiss to a motion for summary judgment.

## B.   Analysis

Morlock filed its First Amended Complaint on July 19, 2013, seeking "a judgment which determines whether Defendant Chase is the owner and holder of the Note and/or Deed of Trust and whether Chase has any interest in the property."[62]  Morlock asserts that it "is concerned that if it pays Chase, it could be subject to double exposure for the payment of the Note if Chase is not entitled to payout."[63]  Morlock admits "that there is a lien on the Property and only seeks a Judicial Determination as to whether Chase has a right to receive payment."[64]  "Morlock is not seeking a determination that its interest is superior to the Deed of Trust but only to determine whether Chase is the holder of the Note which is secured by the Deed of Trust."[65]

Morlock's argument that Chase may not be entitled to enforce the Deed of Trust relies solely on its assertion that the Assignment of Deed of Trust "is invalid and of no force or effect

---

[62]Plaintiff's First Amended Complaint, Docket Entry No. 11, p. 3 ¶ 11.

[63]Id. ¶ 8.

[64]Id. ¶ 9.

[65]Id. ¶ 10.

-21-

because, on information and belief, the person who signed the assignment on behalf of MERS was not employed by MERS and that person had no authority to endorse the Note and no authority to execute the assignment."[66]   MERS is never mentioned in the Assignment of Deed of Trust.[67]   The parties, however, have made the role of MERS a central feature of this litigation.

      1.    <u>The parties have made conflicting representations about the role of MERS in securing and assigning the Deed of Trust.</u>

In its Original Petition Morlock asserted that "Alejandro Mendoza and Iris N. Mendoza executed and delivered a Deed of Trust to secure Mortgage Electronic Registration Systems, Inc. ('MERS as nominee for Capstone Mortgage, L.P.')."[68]   Morlock further asserted that the Deed of Trust "was allegedly assigned to Defendant Chase by [MERS]."[69]   In its Answer "Chase admit[ted] that a Deed of Trust was filed and recorded in Harris County, Texas, and that it was assigned to Chase," but denied that it secured MERS or was assigned by MERS.[70]

---

   [66]<u>Id.</u> at 2 ¶ 6.

   [67]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

   [68]Original Petition, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

   [69]<u>Id.</u>

   [70]Defendant's Answer, Docket Entry No. 6, p. 2 ¶ 6.

Chase's 12(c) Motion stated that the Mendozas "executed a Deed of Trust with lender Capstone Mortgage, and with [MERS] as the beneficiary under the Deed of Trust (solely as nominee for the lender)."[71]   Chase attached to its 12(c) Motion "[a] true and correct copy of the Deed of Trust recorded in the Official Public Record of Real Property of Harris County, Texas."[72]   Chase also asserted that "[t]he Deed of Trust was subsequently assigned to Chase" and attached "the Assignment recorded in the Official Public Record of Real Property of Harris County, Texas."[73]   MERS is never mentioned in either of the attached documents.[74]

Apparently realizing that the Deed of Trust did not secure MERS, as alleged in its Original Petition, Morlock alleges in its First Amended Complaint that "Alejandro Mendoza and Iris N. Mendoza executed and delivered a Deed of Trust to secure Capstone Mortgage, L.P."[75]  However, Morlock also alleges that "[t]he Deed of Trust was

---

[71]Chase's 12(c) Motion, Docket Entry No. 8, p. 2.

[72]Id.; Deed of Trust, Exhibit A to Chase's 12(c) Motion, Docket Entry No. 8.

[73]Chase's 12(c) Motion, Docket Entry No. 8, pp. 2-3; Assignment of Deed of Trust, Exhibit B to Chase's 12(c) Motion, Docket Entry No. 8.

[74]Deed of Trust, Exhibit A to Chase's 12(c) Motion, Docket Entry No. 8; Assignment of Deed of Trust, Exhibit B to Chase's 12(c) Motion, Docket Entry No. 8.

[75]Plaintiff's First Amended Complaint, Docket Entry No. 11, p. 2 ¶ 5.

allegedly assigned to Defendant Chase not by Capstone Mortgage, L.P., but by [MERS]."[76]

In its Motion to Dismiss, Chase asserts that the Mendozas "executed a Deed of Trust with lender Capstone Mortgage, and with [MERS] as the beneficiary under the Deed of Trust (solely as nominee for the lender)"[77] and attaches a copy of the Deed of Trust.[78]   Chase also asserts that "[t]he Deed of Trust was subsequently assigned to Chase"[79] and attaches a copy of the Assignment of Deed of Trust.[80]

In its Response to Chase's Motion to Dismiss, Morlock asserts that the Deed of Trust "secured a Note executed by Alejandro and Iris Mendoza and payable to Capstone Mortgage, L.P." and that it "was purportedly assigned to Chase by one or more assignments signed by [MERS]."[81]   A review of the Deed of Trust and Assignment of Deed of Trust, attached to Chase's Motion to Dismiss, reveals that neither party has an accurate grasp of the underlying facts regarding the Deed of Trust and its assignment.

---

[76]Id.

[77]Motion to Dismiss, Docket Entry No. 13, p. 2.

[78]Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry No. 13.

[79]Motion to Dismiss, Docket Entry No. 13, p. 3.

[80]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

[81]Plaintiff's Response to Defendant's Rule 12 Motion, Docket Entry No. 15, p. 3 ¶¶ 13-14.

2.   <u>MERS is never mentioned in either the Deed of Trust or Assignment of Deed of Trust.</u>

The Deed of Trust identifies the "Lender" as "Capstone Mortgage, Lp" and states that the "Lender is the beneficiary under this Security Instrument."[82]   The "Trustee" is identified as "Thomas F. Vetters."[83]   MERS is never mentioned in the Deed of Trust, nor is there any language to indicate that anyone other than Capstone Mortgage, L.P. is the beneficiary.[84]   There is no indication that MERS or any other entity is acting as "nominee for the lender."[85]

Similarly, MERS is never mentioned in the Assignment of Deed of Trust.[86]   Instead, the assignor is identified as "Capstone Mortgage, Lp" and the assignee as "JPMorgan Chase Bank, N.A."[87]   The signature on the Assignment of Deed of Trust is that of Alberto Rios, as Capstone Mortgage, L.P.'s "duly authorized officer[]" and "personally known to [the notary] to be the individual that

---

[82]Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry No. 13, pp. 1-2.

[83]<u>Id.</u> at 2.

[84]<u>Id.</u> at 1-2.

[85]<u>Cf.</u> Original Petition, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6; Chase's 12(c) Motion, Docket Entry No. 8, p. 2; Motion to Dismiss, Docket Entry No. 13, p. 2.

[86]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

[87]<u>Id.</u> at 1.

-25-

executed the [Assignment]."[88]   Alberto Rios "acknowledged that [he was] of Capstone Mortgage, Lp. and that [he] executed the [Assignment] and affixed its seal as its duly authorized officer[] and that such execution was done as the free act and deed of Capstone Mortgage, Lp."[89]

Furthermore, the Assignment of Deed of Trust specifically states that it assigns "the described deed of trust and any modifications, bearing the date of February 1, 2008, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereto to: JPMorgan Chase Bank, N.A."[90]   Both the Deed of Trust and Assignment of Deed of Trust are attached to the Motion to Dismiss, are central to Morlock's claims, and are referenced in Morlock's First Amended Complaint.   They are therefore properly considered in deciding Chase's Motion to Dismiss.   Lone Star Fund, 594 F.3d at 387; Collins, 224 F.3d at 498-99.   They are also "matters of public record, having been filed in Public Records of Harris County, Texas," and therefore "may properly be considered in connection with a Rule 12(b)(6) Motion to Dismiss." Morlock, L.L.C. v. Bank of America, N.A. ("Morlock v. BOA"), No. H-12-0364, 2012 WL 1640895, at *2 (S.D. Tex. May 8, 2012) (citing Norris, 500 F.3d at 454).

---

[88]Id. at 1-2.

[89]Id. at 2.

[90]Id. at 1.

3.   <u>Morlock's action for declaratory relief fails because</u>
<u>Morlock has not advanced a plausible cause of action</u>
<u>under any other substantive law.</u>

"When a declaratory judgment action is filed in state court
and is subsequently removed to federal court, it is converted to
one brought under the federal Declaratory Judgment Act." <u>Bell v.</u>
<u>Bank of America Home Loan Servicing LP</u>, No. 4:11-CV-02085, 2012
WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).   The federal
Declaratory Judgment Act does not create a substantive cause of
action but, instead, is merely a procedural vehicle that allows a
party to obtain an early adjudication of an actual controversy
arising under other substantive law.   See <u>Aetna Life Ins. Co. of</u>
<u>Hartford, Conn. v. Haworth</u>, 57 S. Ct. 461, 463 (1937); <u>Lowe v.</u>
<u>Ingalls Shipbuilding</u>, 723 F.2d 1173, 1178 (5th Cir. 1984).

While it is clear that Morlock seeks a declaratory judgment as
to whether Chase "is the owner and holder of the Note and/or Deed
of Trust,"[91] it is unclear what substantive cause of action Morlock
attempts to assert in its First Amended Complaint.   Morlock
acknowledges "that there is a lien on the Property" and
specifically states that it "is not seeking a determination that
its interest is superior to the Deed of Trust."[92]   This admission
forecloses any plausible quiet-title claim.   See <u>Morlock, L.L.C. v.</u>
<u>Metlife Home Loans, L.L.C. ("Morlock v. Metlife")</u>, No. 13-20132,

---

[91]Plaintiff's First Amended Complaint, Docket Entry No. 11,
p. 3 ¶ 11.

[92]<u>Id.</u> ¶¶ 9-10.

-27-

2013 WL 4844713, at *2 (5th Cir. Sept. 12, 2013) ("Because Morlock does not challenge the Deed of Trust's validity or otherwise assert title superior to that of Chase or MERS, Morlock fails to advance a plausible quite-title claim." (quoting Morlock, L.L.C. v. JP Morgan Chase Bank, N.A. ("Morlock v. JPMC"), No. 12-20623, 2013 WL 2422778, at *2 (5th Cir. June 4, 2013))). Yet, in its Response to Chase's Motion to Dismiss, Morlock asserts that its "action to determine the right[s] of the parties and to strike any interest Defendant may have in the Property certainly states a cause of action to remove a cloud on title."[93]

> (a) Morlock fails to assert a plausible quiet-title action in its First Amended Complaint.

"[T]he goal of a suit to quiet title is to clear title to property from clouds or encumbrances." In re Puig, 351 S.W.3d 301, 305 (Tex. 2011) (citing Thomson v. Locke, 1 S.W. 112, 115 (1886)). "In a Texas quiet title action, '[t]he plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on title that equity will remove.'" Morlock, L.L.C. v. Bank of New York Mellon Trust Company, N.A., No. 12-20832, 2013 WL 3971517, at *1 (5th Cir. Aug. 5, 2013) (quoting Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). "A plaintiff in a suit to quiet title must prove and recover on the strength of

---

[93]Plaintiff's Response to Defendant's Rule 12 Motion, Docket Entry No. 15, p. 8 ¶ 40.

his own title, not the weakness of his adversary's title." <u>Fricks</u>
<u>v. Hancock</u>, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no
pet.).  In its First Amended Complaint, Morlock neither contests
the Deed of Trust's validity nor suggests that its own interest is
superior to the Deed of Trust.[94]  <u>See</u> <u>Morlock v. JPMC</u>, 2013 WL
2422778, at *2.  "Instead, it challenges the validity of the
assignment of the Deed of Trust from MERS to Chase."[95]  <u>Id.</u>

As noted above, MERS is never mentioned in either the Deed of
Trust or Assignment of Deed of Trust.  The Assignment of Deed of
Trust clearly identifies the assignor as "Capstone Mortgage, Lp."
Morlock does not cite or attach any relevant documentation to
support its assertion that "[t]he Deed of Trust was allegedly
assigned to Defendant Chase not by Capstone Mortgage, L.P., but by
[MERS]."[96]  The Deed of Trust and Assignment of Deed of Trust were
attached to Chase's 12(c) Motion, filed before Morlock's First
Amended Complaint,[97] and again attached to Chase's Motion to
Dismiss.[98]  Morlock amended its Complaint to identify the secured

---

[94]Plaintiff's First Amended Complaint, Docket Entry No. 11,
p. 3 ¶¶ 9-10.

[95]<u>Id.</u> at 2 ¶¶ 5-6.

[96]<u>Id.</u> ¶ 5.

[97]Deed of Trust, Exhibit A to Chase's 12(c) Motion, Docket
Entry No. 8; Assignment of Deed of Trust, Exhibit B to Chase's
12(c) Motion, Docket Entry No. 8.

[98]Deed of Trust, Exhibit A to Motion to Dismiss, Docket Entry
No. 13; Assignment of Deed of Trust, Exhibit B to Motion to
Dismiss, Docket Entry No. 13.

party as Capstone Mortgage, L.P., rather than MERS.[99]  Nonetheless, Morlock continues to assert that MERS assigned the Deed of Trust to Chase.  In light of the unequivocal language in the Assignment of Deed of Trust identifying the assignor as Capstone Mortgage, L.P., Morlock's assertions regarding MERS are baseless and without merit.

Furthermore, Morlock's argument "merely questions whether Chase or MERS has authority to enforce the Deed of Trust." "Because Morlock does not challenge the Deed of Trust's validity or otherwise assert title superior to that of Chase or MERS, Morlock fails to advance a plausible quiet-title claim."  Id. (citing Fricks, 45 S.W.3d at 327).

> (b)  Morlock fails to allege a plausible action for wrongful foreclosure.

Morlock fares no better to the extent that its claim for declaratory judgment is based on a theory of wrongful foreclosure. "Under a theory of wrongful foreclosure, Morlock can make Chase prove it has standing to foreclose."  Morlock v. JPMC, 2013 WL 2422778, at *2 (citing Martin v. New Century Mortg. Co., 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). Chase has presented evidence of standing through a facially valid assignment, which was signed by Alberto Rios as Capstone Mortgage, L.P.'s "duly authorized officer[]"[100] and "recorded in the Official

---

[99]Plaintiff's First Amended Complaint, Docket Entry No. 11, p. 2 ¶ 5.

[100]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13.

Public Record of Real Property of Harris County, Texas."[101]   See id.
Because "[r]eal Property records often contain transfers taking
place many years in the past[,] . . . Texas 'view[s] with suspicion
and distrust attempts to discredit certificates of acknowledgment,'
under which the transfer is presumptively valid and contradicting
evidence 'must be clear, cogent, and convincing beyond reasonable
controversy.'"   Id. (quoting Ruiz v. Stewart Mineral Corp., 202
S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)).

        Morlock fails to plead any facts remotely approaching this
standard.  Morlock asserts that although the Assignment of Deed of
Trust appears valid on its face, it "is invalid and of no force or
effect because, on information and belief, the person who signed
the assignment on behalf of MERS was not employed by MERS and that
person had no authority to endorse the Note and no authority to
execute the assignment."[102]  Morlock is correct that the person who
signed the Assignment of Deed of Trust was not employed by MERS --
he was the "duly authorized officer[]" of Capstone Mortgage, L.P.[103]
He did not sign the assignment on behalf of MERS, but on behalf of
Capstone Mortgage, L.P., whom Morlock admits was properly secured
by the Deed of Trust.[104]  Morlock presents no facts impugning the

---

        [101]Motion to Dismiss, Docket Entry No. 13, p. 3.

        [102]Plaintiff's First Amended Complaint, Docket Entry No. 11,
p. 2 ¶ 6.

        [103]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss,
Docket Entry No. 13.

        [104]Plaintiff's First Amended Complaint, Docket Entry No. 11,
p. 2 ¶ 5.

agreement between Capstone Mortgage, L.P. and Chase apart from the bare assertion that the "person who signed the assignment . . . had no authority to endorse the Note and no authority to execute the assignment."[105]  See Morlock v. JPMC, 2013 WL 2422778, at *2.  "This 'naked assertion[] devoid of further factual enhancement' fails to state a plausible claim for relief."  Id. (citing Iqbal, 129 S. Ct. at 1949).

In seeking "to determine whether Chase is the holder of the Note which is secured by the Deed of Trust," it appears that Morlock is attempting to argue that bifurcation of the Note and Deed of Trust renders the Deed of Trust invalid.[106]  Not only is this "split-the-note" theory without merit, the Assignment of Deed of Trust establishes that there was no bifurcation of the Note and Deed of Trust in this case.

The "split-the-note" theory posits that "the 'transfer of [the] deed of trust . . . "splits" the note from the deed of trust, thus rendering both null.'"  Wiley v. Deutsche Bank Nat. Trust Co., No. 12-51039, 2013 WL 4779686, at *1 (5th Cir. Sept. 6, 2013) (quoting Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 254 (5th Cir. 2013)).  "In order to foreclose, the theory goes, a party must hold both the note and the deed of trust."  Id. (quoting Martins, 722 F.3d at 254).  However, "Texas courts have explained on multiple occasions that a note and a deed of trust constitute

---

[105]Id.

[106]Id. at 3 ¶ 10; Motion to Dismiss, Docket Entry No. 13, p. 4.

separate actions." Id. at *2. "It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien." Martins, 722 F.3d at 255 (quoting Carter v. Gray, 81 S.W.2d 647, 648 (Tex. Comm'n App. 1935)).

"The duality of the lien and the note means that the beneficiary of the lien can be different from the holder of the note." Wiley, 2013 WL 4779686, at *2. "'The party to foreclose need not possess the note itself.' So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself." Id. (internal citations omitted) (quoting Martins, 722 F.3d at 255). Thus, "the split the note theory is . . . inapplicable under Texas law where the foreclosing party is a [mortgagee] and the mortgage has been properly assigned." Id. (quoting Martins, 722 F.3d at 255) (internal quotation marks omitted); see also Martins, 722 F.3d at 255 ("A deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note." (quoting Robeson v. Mortgage Elec. Registration Sys., Inc., No. 02-10-00227-CV, 2012 WL 42965, at *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied))).

In this case the Assignment of Deed of Trust specifically states that it assigns "the described deed of trust and any

modifications, bearing the date of February 1, 2008, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereto to: JPMorgan Chase Bank, N.A."[107]   Thus, there was no bifurcation of the note and Deed of Trust in this case.   See, e.g., Reinagel v. Deutsche Bank Nat'l Trust Co., 722 F.3d 700, 705-09 (5th Cir. 2013).

In Reinagel the plaintiff-homeowners sought declaratory and injunctive relief on the basis that the assignee of their mortgage lacked standing to foreclose.   Id. at 703-05.   The Fifth Circuit analyzed the effect of two mortgage assignments challenged by the plaintiff-homeowners, noting that "the first instrument assigned only the deed of trust, whereas the second instrument assigned both the deed of trust and 'the certain note(s) described therein.'" Id. at 705.   The court ultimately held that the second assignment was valid against the plaintiffs and "reaffirm[ed] that under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."   Id. at 707-09.

Here, the Assignment of Deed of Trust, like the second instrument in Reinagel, assigns both the Deed of Trust and "the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereto."[108]   See id. at 703. Although Morlock would have standing to "defend 'on any ground

---

[107]Assignment of Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 13, p. 1.

[108]Id.

-34-

which renders the assignment void,'" its challenge based on the signer's alleged lack of authority would render the assignment, "like any other unauthorized contract, [] not void, but merely voidable at the election of the defrauded principal." Id. at 705-06 (quoting Tri-Cities Const., Inc. v. Am. Nat. Ins. Co., 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). Thus, the signer's "alleged lack of authority, even accepted as true, does not furnish [Morlock] with a basis to challenge the . . . assignment." Id. at 707.

Morlock asserts that it is "concerned that if it pays Chase, it could be subject to double exposure for the payment of the Note if Chase is not entitled to payout."[109] See Tri-Cities Const., Inc., 523 S.W.2d at 430 ("[T]he only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice."). However, "[b]ecause Morlock is not a borrower under the purchase-money mortgage secured by the Deed of Trust, it does not stand to incur any liability under the note as a result of the foreclosure." Morlock v. JPMC, 2013 WL 2422778, at *2 n.4. "Tellingly, [Morlock] has not even joined MERS or [Capstone Mortgage, L.P.] as a party in this case; any judgment in this case would thus not be binding upon them." Id.

---

[109]Plaintiff's First Amended Complaint, Docket Entry No. 11, p. 3 ¶ 8.

(c)   Without a plausible cause of action under other substantive law, Morlock's claim for declaratory relief must fail as a matter of law.

Morlock conspicuously fails to clearly assert a substantive cause of action in its First Amended Complaint, although its claim for declaratory judgment appears to be based loosely on a theory of wrongful foreclosure.[110]   In it's Response to Chase's Motion to Dismiss, Morlock asserts that it is seeking "to determine the validity of liens against its own property" and "to remove a cloud on title," suggesting that it intends to assert a quiet-title claim against Chase.[111]   For the reasons explained above, the court concludes that Morlock has failed to allege any facts that would support either claim.   Accordingly, there is not "'a substantial and continuing controversy between two adverse parties'" and "[t]herefore, any request that Morlock is making for declaratory judgment must fail."   See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012) (quoting Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003)).

## IV.   Morlock's Motion for Leave to Amend Complaint

Morlock's Motion for Leave to Amend Complaint is included with its Response to Chase's Motion to Dismiss.[112]   Morlock has already

---

[110]Id. at 2-3 ¶¶ 6-11.

[111]Plaintiff's Response to Defendant's Rule 12 Motion, Docket Entry No. 15, pp. 6, 8 ¶¶ 29, 40.

[112]Id. at 8-9 ¶¶ 41-44.

amended its complaint once and has neither shown how another amendment would state a claim nor attached a copy of its proposed amended complaint. The court concludes that another amendment "cannot overcome the contents of the Deed of Trust [ or] the assignment of the Deed of Trust" and any amendment would therefore be futile. Morlock v. BOA, 2012 WL 1640895, at *2; see also Morlock v. Metlife, 2013 WL 4844713, at *2 (holding that "the district court did not abuse its discretion in denying leave to amend the complaint, as any amendment would have been futile"); Morlock v. JPMC, 2013 WL 2422778, at *2 n.5 ("Morlock fails to present any evidence or arguments to suggest that a second amended complaint would not have been futile."); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."); Morlock, LLC v. JPMorgan Chase Bank, N.A., No. 4:12-CV-03648, 2013 WL 5231498, at *5 (S.D. Tex. Sept. 13, 2013) ("[G]iven the contents of the public records relative to the Property at issue in this case, . . . Morlock cannot cure the defect in its pleadings with an amendment. In addition, given the rejection, by numerous courts, of the exact type of claims asserted by Morlock in this case, both before and after amendment, there is no reasonable likelihood that Morlock could, through amendment, state a viable claim for relief."). Therefore, Morlock's Motion for Leave to Amend Complaint will be denied.

## V.  **Conclusions and Order**

For the reasons explained above, Morlock's Motion to Remand (Docket Entry No. 12) and Motion for Leave to Amend Complaint (Docket Entry No. 15 at p. 8) are **DENIED**, Chase's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 13) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 25th day of October, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE